```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                          DIVISION OF ST. CROIX

FLAGSTAR BANK, FSB,                    )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )    Civil No. 2013-25
                                       )
WESLEY A. SUFFREN and SHAHEEDAH        )
EUSEBE,                                )
                                       )
          Defendants.                  )
                                       )
                                       )
```

ATTORNEYS:

**A. Jennings Stone, Esq.**
**Nycole A. Thompson**
Bolt Nagi PC
St. Thomas, VI
    *For the plaintiff,*

**Wesley A. Suffren**
St. Croix, VI
**Shaheedah Eusebe**
Bronx, NY
    *Pro se defendants.*


## <u>JUDGMENT</u>

**GÓMEZ, J.**

    Before the Court is the motion of the plaintiff, Flagstar Bank, FSB, for default judgment against the defendants, Wesley A. Suffren and Shaheedah Eusebe.

    Upon consideration of the record, the Court finds the following facts:

1. On August 20, 2010, Wesley A. Suffren and Shaheedah Eusebe (collectively "the defendants") borrowed $198,171 from Ramber Corporation ("Ramber").

2. The loan was evidenced by a promissory note (the "Note"), which the defendants executed and delivered to Ramber on August 20, 2010. Pursuant to the note, the defendants were to repay Ramber in installments of $1,033.75 per month. Interest accrued on the loan at the rate of 4.750% each year.

3. The Note imposed a late charge on overdue payments. The late charge was 4% of the overdue payment.

4. The Note permitted Ramber to accelerate payment due in the event the defendants failed to make timely payments.

5. The defendants are the record owners of property described as:

> Plot No. 136 Estate Whim, West End Quarter, consisting of 0.234 U.S. acres more or less, as shown on OLG Drawing No. 4567 dated April 3, 1989

(the "Property").

6. The defendants executed a mortgage which secures the payment of the Note (the "Mortgage"). The Mortgage is attached to the Property. The Mortgage terms give Mortgage Electronic Registration Systems, Inc. ("MERS"), as Ramber's nominee, and Ramber the right to foreclose on the Property in the event of default on the loan. The Mortgage also gave

    MERS the right to accelerate repayment of the Note in the event of default.

7. The Mortgage was recorded at the Office of the Recorder of Deeds for St. Croix on August 20, 2010, as document 2010003259.

8. Thereafer, Ramber assigned the Note to Flagstar Bank, FSB ("FSB").

9. The defendants went into default under the terms and conditions of the Note and Mortgage.

10. FSB gave notice of default to the defendants by a letter dated April 17, 2012. The notice of default was sent to the addresses the defendants had last given FSB.

11. On November 19, 2012, MERS assigned the Mortgage to FSB. The assignment was recorded at the Office of the Recorder of Deeds for St. Croix on December 4, 2012, as document 2012004296.

12. The defendants remain in default under the Note and Mortgage.

13. FSB filed its action for debt and foreclosure on March 19, 2013.

14. The defendants did not answer or otherwise appear.

15. The Clerk of Court entered default against the defendants on August 13, 2013.

16. As of August 31, 2013, the amount due to FSB under the Mortgage was $211,177.01. Interest accrued at the rate of $25.22 each day thereafter.

The premises considered, it is hereby

**ORDERED** that FSB's motion for default judgment is **GRANTED**; it is further

**ORDERED** that FSB shall recover from the defendants the sum of $211,177.01, reflecting his total indebtedness under the Note. Interest continues to accrue on this amount at the rate of $25.22 per diem until the date of this Judgment, and thereafter at the statutory rate; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens subsequent to it, are hereby foreclosed; it is further

**ORDERED** that the aforesaid lien shall be foreclosed and the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of FSB, including any costs and attorney's fees that may be awarded upon application and any

sums that may be paid by FSB for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

    **ORDERED** that:

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:
    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.
    b. FSB may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

Case: 1:13-cv-00025-CVG-GWC Document #: 14 Filed: 07/25/14 Page 6 of 6

*Firststar Bank, FSB vs. Suffren et al.*
13-cv-25
Judgment
Page 6

  c. The terms of the sale as to all other persons or parties bidding shall be cash.

  d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

  e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. FSB shall have any and all writs necessary to execute the terms of this Judgment.

                S\_____
                 **CURTIS V. GÓMEZ**
                 **District Judge**